**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | |
|---|---|
| Case No.  **CV 25-1949-JFW(SSCx)** | Date:  November 26, 2025 |

Title:   Indo-Phili, Inc. -v- Circle K Stores, Inc.

---

**PRESENT:  HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**       **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                                                                     None

**PROCEEDINGS (IN CHAMBERS):**       **ORDER TO SHOW CAUSE RE SANCTIONS**

     On April 21, 2025, the Court issued a Scheduling and Case Management Order ("CMO"), which set November 17, 2025, as the last day to conduct a settlement conference/mediation and November 21, 2025, at the last day to file the Joint Report Re: Results of Settlement Conference/Mediation ("Joint Report").  Docket No. 23.  In addition, in the Court's Order Vacating Scheduling Conference, Referral to Private Mediation, and Dismissing Any Unserved Doe Defendants, the Court referred the parties to private mediation for their Settlement Conference and ordered that the mediation be completed no later than November 17, 2025, and that the Joint Report be filed on November 21, 2025.  *See* Docket No. 22.

     The parties failed to complete the required mediation by November 17, 2025.[1]  Instead, on November 21, 2025, the parties filed a Joint Ex Parte Application and Motion for Order Continuing Last Day to Conduct Mediation and to File Joint Report Re: Results of Mediation (Docket No. 60) ("Application"), seeking to continue the mediation completion date to a date sixty days after the Court's Order on Defendant's Motion for Summary Judgment, which is currently under submission, is issued, with the Joint Report Re: Results of Settlement Conference/Mediation to be filed within seven days of the date the mediation is completed.  The parties argue that "[t]he ruling on the motion for summary judgment could moot the need for mediation and could otherwise be of assistance to the parties and the mediator in mediation."  Application, 2:18-20.

     The parties are ordered to show cause, in writing, on or before **December 1, 2025,** why the Court should not should not impose sanctions in the amount of $1,500.00 against each of them for their failure to conduct the Court ordered mediation.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order to Show Cause will stand submitted upon the filing of the response to the Order to Show Cause. Failure to respond to the Order to Show Cause will result in the imposition of sanctions.

     IT IS SO ORDERED.

---

[1]  Indeed, it is not clear if the parties have even taken the initial step of selecting a mediator.